Name  TOAN THAI Esq
Dr. Anthony  Nguyen -Harvard PostDoc-JD-LLM-M.S,M.Arch,MBA
Honor USAF Disabled Veteran .
MINH NGUYET NGUYEN .

Contacted Attorney :

Address    PO BOX 1596 LONG BEACH CA 90802 .

Phone
Fax number
Email   anthony.nguyen@post.harvard.edu.



*FILED*

2017 SEP 26  PM 3: 15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

# US DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

## SACV17·01674 AG (KESx)

ANDREW D. WEISS , an individual,

)  Case
)
)
)  **NOTICE OF REMOVAL  CASES FROM**
)  **ORANGE COUNTY SUPERIOR COURT .**
)

Plaintiff/Cross Defendant

vs.

)  **Case ANDREW D. WEISS  v. ANTHONY**
)  **NGUYEN**
)  **2017-00906325.**
)

ANTHONY NGUYEN  .

DOES 1 Through 100 ;

)
)
)  **(WEISS IS COUNSEL OF  THIEN TRAN is a**
)  **Criminal Defendant at  crime case-Attempted**
)  **Murder -14-21472 -BUENA PARK POLICE  and**

Defendant/Cross Plaintiff.

)  **his Federal Criminal Activities was pointed out in**
)  **Federal RICO case -SACV -16-02137).**
)  **(TRAN and Andrew Weiss as his counsel did a lot**
)  **of death threats -Witness Tampering to Crime**
)  **Victim Nguyen and his Family  from 2014 until now**
)  **-Case#066851 -GGPD).**

1

2

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1442 ,1441 , Federal Fair Debt Collection Practices Act ,and 1446, Party Crime -Victim of Attempted MURDER  Anthony Nguyen, His Family TOAN THAI Esq , Minh Nguyet Nguyen  ( **NGUYEN was nearly died and was in ER of VA Military Medical Center  for 01 day and still under serious treatments until now** ) , by and through his  undersigned counsel or proper ,hereby remove this action from the Superior Court of Orange County , California to the United States District Court for the  Central District of California , Western Division .

Removal is based on federal question jurisdiction because by the matters of lawsuit involved with many questions from WEISS is agent of International Criminal parties , Agents of Communism and paid by Criminal Defendants or her Lawyer-Boy Friend in forms of hate Crime and was backed up by international criminal networks included Vietnamese Communism Government and Ha-Mas _Hezbollah Supporters in Venezuela .

 The error  of the Court  (case TRO 14-00722873 ) along with FRAUD of Criminal Defendant TRAN and his counsels , Crime Victim was becoming DEBTOR and Criminal Defendant TRAN and his Counsel Andrew Weiss became Debt Collector .

**In fact , Crime Victim Anthony is a disabled Veteran and Current Member-Officer of Federal Organizations. He and his God Parents were sued  " MALICE PROSECUTION " and VEXATIOUS LITIGANTS " to prevent  us to bring such criminal net works to Court and the JUSTICE .Nguyen also sued  under his color of duty to protect his great COUNTRY and was also victim of a hate crime plot among TRAN ,ANDREW WEISS , HOANG HUY TU,WALTER TEAGUE ( HOANG TU and WALTER TEAGUE were defense lawyers for a crime defendant named BICH AN NGUYEN that ANTHONY NGUYEN was a crime victim in such case ).HOANG HUY TU is " sex partner"of BICH AN NGUYEN .**

After got restraining order from Civil Harassment case from error of the Trial Court (pending Appeal) and got $7,000 dollars for legal fees, TRAN ,WEISS,TU ,TEAGUE made up facts and statements to fraudulently claimed legal fess over $150,000.

Also , they used all of death threats and used criminal issues to threat ANTHONY NGUYEN as their DEBTOR and his Family from 2015 until now .

From Anthony Nguyen 's reports to Federal and Local Law Enforcement Agencies , they used many criminal ways to eliminate NGUYEN with many illegal ways to invade NGUYEN ' PRIVACY , MILITARY Information to  exchange to each other and support for their criminal networks and for Vietnamese Communist Government .

The Fair Debt Collection Practices Act ("FDCPA" or "the Act") creates guidelines for debt collectors performing the collection of consumer debt and prescribes penalties and remedies for violations of the Act. Violations, can occur upon the first contact and carry a fine of $1,000 each, along with an award for attorney's fees.

Definition of "Debt Collector"

The prohibitions set forth in the FDCPA only apply to parties who meet the definition of a "debt collector" set forth in 15 U.S.C. § 1692a(6) as follows:

The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

The definition includes any person who uses the mail or other instrumentality of interstate commerce to engage in a business the principal purpose of which is the enforcement of security interests.

The Act does not cover creditors attempting to collect their own debts in house (as long as they use their own name in collection), government employees attempting to collect debts owed to the government or process servers attempting service of process.

A party that sends a form that falsely represents that a third party (like an attorney) is involved in the debt collection process, is liable even without meeting the defined requirements of 15 U.S.C. § 1692a(6).

The definition of "debt collector" is followed by 6 exceptions:

1. Officers and employees of a creditor while collecting debts for the creditor;

2. Persons collecting debts for an affiliated corporation when collection of debts is not the principal business of such a person;

3. Any officer or employee of the federal state government collecting a debt as part of his official duties;

4. Any person serving or attempting to serve process;

5. Any nonprofit organizations engaged in consumer credit counseling services; and

6. Any person collecting a variety of debts such as, inter alia, those incidental to escrow arrangements, debts originated by that person, and debts not in default at the time they were obtained by such person.

As FDCPA, Crime Victim ANTHONY NGUYEN was becoming DEBTOR after erroneous orders on or after 06/2017 .TRAN and ANDREW WEISS became DEBT COLLECTOR and their violations should be removed to FEDERAL FORUM FOR FEDERAL QUESTIONS.

## As 28 U.S.C. 1442  states :

# 28 U.S. Code § 1442 - Federal officers or

# agencies sued or prosecuted

Current through Pub. L. 114-38. (See Public Laws for the current Congress.)

- US Code
- Notes

prev | next

(a)A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1)

The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

(2)

A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.

(3)

Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties;

(4)

Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House.

(b)

A personal action commenced in any State court by an alien against any citizen of a State who is, or at the time the alleged action accrued was, a civil officer of the United States and is a nonresident of such State, wherein jurisdiction is obtained by the State court by personal service of process, may be removed by the defendant to the district court of the United States for the district and division in which the defendant was served with process.

(c)Solely for purposes of determining the propriety of removal under subsection (a), a law enforcement officer, who is the defendant in a criminal prosecution, shall be deemed to have been acting under the

color of his office if the officer—

(1)

protected an individual in the presence of the officer from a crime of violence;

(2)

provided immediate assistance to an individual who suffered, or who was threatened with, bodily harm; or

(3)

prevented the escape of any individual who the officer reasonably believed to have committed, or was about to commit, in the presence of the officer, a crime of violence that resulted in, or was likely to result in, death or serious bodily injury.

(d)In this section, the following definitions apply:

(1)

The terms "civil action" and "criminal prosecution" include any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued. If removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, only that proceeding may be removed to the district court.

(2)

The term "crime of violence" has the meaning given that term in section 16 of title 18.

(3)

The term "law enforcement officer" means any employee described in subparagraph (A), (B), or (C) of section 8401(17) of title 5 and any special agent in the Diplomatic Security Service of the Department of State.

(4)

The term "serious bodily injury" has the meaning given that term in section 1365 of title 18.

(5)

The term "State" includes the District of Columbia, United States territories and insular possessions, and Indian country (as defined in section 1151 of title 18).

(6)

The term "State court" includes the Superior Court of the District of Columbia, a court of a United States territory or insular possession, and a tribal court.


As a disabled Veteran and current Member- Officer of Federal Organizations to protect US Homeland Security , ANTHONY NGUYEN was a target of hate crimes of THIEN TRAN , ANDREW WEISS , HOANG HUY TU ,WALTER TEAGUE as agents or workers for Vietnamese Communist Government or its agents in United States of America.

**_As 28 U.S.C. 1446 , Section 03 states:_**

_(3)_
_Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable._

The Lawsuit of State Court in Santa Ana is a umbrella of a plot of International Criminal Networks under shield of DEBT COLLECTION from TRO .

# 28 U.S. Code § 1441 - Removal of civil actions

- US Code
- Notes

prev | next

(a)Generally.—

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b)Removal Based on Diversity of Citizenship.—

(1)

In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

(2)

A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c)Joinder of Federal Law Claims and State Law Claims.—

(1)If a civil action includes—

(A)

a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B)

a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,

the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2)

Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

(d)Actions Against Foreign States.—

Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.

(e)Multiparty, Multiforum Jurisdiction.—

(1)Notwithstanding the provisions of subsection (b) of this section, a defendant in a civil action in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if—

(A)

the action could have been brought in a United States district court under section 1369 of this title; or

(B)

the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

The removal of an action under this subsection shall be made in accordance with section 1446 of this title, except that a notice of removal may also be filed before trial of the action in State court within 30 days after the date on which the defendant first becomes a party to an action under section 1369 in a United States district court that arises from the same accident as the action in State court, or at a later time with leave of the district court.

(2)

Whenever an action is removed under this subsection and the district court to which it is removed or transferred under section 1407(j) [1] has made a liability determination requiring further proceedings as to damages, the district court shall remand the action to the State court from which it had been removed

for the determination of damages, unless the court finds that, for the convenience of parties and witnesses and in the interest of justice, the action should be retained for the determination of damages.

(3)

Any remand under paragraph (2) shall not be effective until 60 days after the district court has issued an order determining liability and has certified its intention to remand the removed action for the determination of damages. An appeal with respect to the liability determination of the district court may be taken during that 60-day period to the court of appeals with appellate jurisdiction over the district court. In the event a party files such an appeal, the remand shall not be effective until the appeal has been finally disposed of. Once the remand has become effective, the liability determination shall not be subject to further review by appeal or otherwise.

(4)

Any decision under this subsection concerning remand for the determination of damages shall not be reviewable by appeal or otherwise.

(5)

An action removed under this subsection shall be deemed to be an action under section 1369 and an action in which jurisdiction is based on section 1369 of this title for purposes of this section and sections 1407, 1697, and 1785 of this title.

(6)

Nothing in this subsection shall restrict the authority of the district court to transfer or dismiss an action on the ground of inconvenient forum.

(f)Derivative Removal Jurisdiction.—

The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.


In support of its notice, Plaintiff states as follows:

# BACKGROUNDS:

On 05/2014 , Plaintiff was Crime Victim of Attempted MURDER caused from BATTERY by Deadly Weapon to cover Federal Crime Activities of THIEN TRAN and THU HIEN NGUYEN .( Plaintiff NGUYEN was nearly died and went to VA Military ER almost a day from suddenly attacks from TRAN along with the plot of " teaching Tony Nguyen a lesson " with his fake Ex wife THU HIEN NGUYEN by sham marriage ).
Before such time , Plaintiff Nguyen as a witness of a lot of Federal Crimes and RICO criminal acts of THIEN TRAN and THU HIEN NGUYEN as well as Reported to Federal Agencies to protect US Laws and National Security .

Thien Tran is a Vietnamese National and Resident of SAI GON( HCM City ) ,He is not Citizen of California .Tony Nguyen is a HARVARD Legal Scholar-Scientist ,Director of a US Military Support Investigation Agency and President of A National NONPROFIT Law Group to help US Veterans and Indigents .

Initially , TRAN requested $500 dollars for his Fraud Restraining Order to Crime Victim Anthony Nguyen .TRAN was granted TRO by FRAUD and Police and Doctors of NGUYEN's witnesses can not shown up by violations to US Constitutions Law of JUDGE FRAN MILLER . Tran made up paperwork to get $100,000 attorney fees by FRAUD and CRIMINAL activities in violation to Civil Rights of NGUYEN as Crime victim . TRAN and WEISS did a lot of ways included connected with Clerk of The Court in favor Orders for WEISS and TRAN , not for NGUYEN as a disabled US Military veteran and victim of THIEN TRAN .

After became a DEBT COLLECTOR , ANDREW WEISS AND TRAN connected with many persons like HOANG TU and WALTER TEAGUE to harass, threaten ANTHONY NGUYEN and his family under their color of DEBT COLECTION to invade privacy , threaten NGUYEN family and death threats him under hate CRIMES and MOTIVES .

From 2015 until now , WEISS made up many ways to use CRIMINAL issues to threat NGUYEN for his DEBT COLLLECTION in Violations to FDCPA .

From 10/2016 , WEISS contacted with HOANG HUY TU Esq AND WALTER TEAGUE Esq and formed a plan to harm Anthony NGUYEN and his family .

During the pleading papers of case 2014-00722873 from 2014 until 08/2017 , There were a lot of pleadings from THIEN TRAN and WEISS to invade CRIME VICTIM rights by FRAUD and CRIMINAL Acts as well as invade to privacy of TONY NGUYEN as an Honorable Officer of USAF Total Forces .

Recently , WEISS and TRAN got motions as :

1. Motion Pleadings of Attorney fee is over $100,000 for Error Restraining Order in Violation to Civil Rights and Crime Victim rights of Anthony Nguyen .
2. Motion to show Cause in let TONY NGUYEN must have Registered Server in fact he got

registered Process server and Investigator served Paperwork to WEISS .This Civil Rights violations to prevent TONY NGUYEN join Litigation with them as well as Committed Crime of Witness Tampering and Crime Threats while Crime of Attempted MURDER and others crimes on the way of filing charges. Also, WEISS used Civil Bench Warrant REQUEST by FRAUD proof of service to threat NGUYEN in jail even NGUYEN is Crime Victim of WEISS and TRAN.

On Pleading of this state case 17-00906325 ,WEISS also request his client and his victims ANTHONY NGUYEN and TOAN THAI are " Vexatious Litigants " in abuse our Federal Questions on Crime Victims rights and Due Process Clause as well as first Amendment of US Constitutions as well as Rights of Crime Victim -Disabled Veterans as Member-Officer of USAF Total Forces and Other Federal Organizations to protect Home Land Security .

From such Federal Questions and Pursuant to 28 U.S.C. §§ 1442,1441, 1446 and FEDERAL DEBT COLLECTIONS ACTS , It is Crime Victim NGUYEN 's request that This case should be removal to Federal Court .

1.FAIR DEBT COLLECTION ACTS : allow defendant -DEBTOR to remove FEDERAL FORUM to claim remedies on VIOLATIONS OF FEDERAL DEBT COLLECTION ACTS .
2. 28USC 1442 : allow Member-OFFICER of FEDERAL ORGANIZATIONS to remove FEDERAL FORUM from FEDERALQUESTIONS .

3.Diversity Jurisdiction : Thien Tran is VN Intelligent AGENT and VN national .He lived in SAI GON VN more than California .WEISS is his agent and WEISS also agent of ERIK LE and BICH AN NGUYEN are unregistered agents of Vietnamese Communism Government involved with HAMAS AND HEZBULAH Criminal Networks . Therefore, Diversity Jurisdiction was met .
4.Federal Questions on their pleading : They violated MARSY LAWS to protect Crime Victim of Murder as TONY NGUYEN and Invasion to his Privacy and His Military Information .
5.They requested more than 75,000 ( TRAN and WEISS request over $100,000) to be sufficient to have hearing at Federal Court
6.Also,The FEDERAL RICO Criminal and Civil were Arising when THIEN TRAN and his gang committed to violate  Federal Laws .

11

## II. This Notice of Removal is Properly Filed

1. This lawsuit is a civil action within the meaning of the Acts of Congress and Federal Laws relating to removal of causes.

2. Party Crime Victim NGUYEN became DEBTOR was harassed and death threatened by TRAN and WEISS in connection with HOANG TU Esq and WALTER TEAGUE Esq under directions of Vietnamese Communist Government .

3. Crime Victim ANTHONY NGUYEN was also victim under his Color of Duties to protect the safety of US and was victimized by hate crime of TRAN ,WEISS, HOANG TU and TEAGUE.

4. *From 2014 until now , As Crime Victim NGUYEN 's lawyers' s negligence with DUE PROCESS matters and Civil Right Deprivation of Judicial Officers of Orange County Court , Defendants TRAN and WEISS unlawfully obtained legal fees and stole his Personal Mails as well as Death Threats to Plaintiff NGUYEN by FRAUD ways and above Constitutional Rights of Crime VICTIM of CRIME VICTIM NGUYEN .Also, before and on 12/10/2016 , TRAN and WEISS stopped by Plaintiff's Godparents Law Office to deadly threats and Witnesses tampering .( case #066851-GGPD)as well as Death Threats to Crime Victim NGUYEN .( Attempted MURDER case #2014-21472 BUENA PARK POLICE ).*
*Also , there was a threat case at GGPD #17-17365 on WEISS Crime threats and Violation to TRO against WEIS and Federal ID Theft and Civil rights of Crime Victim of Anthony Nguyen was violated as well as Nguyen was extorted at level of International Country involved with Foreign Communist Country .*

From negligence of Plaintiff's lawyers, Fraud Tactics of Defendant TRAN and WEISS as well as abuse of Judicial Power of Orange County Judicial Officers ,This time to let other State Court Cases should be resolved at Federal Questions of US District Court for the Central District of California .

5. Therefore, The United States District Court for the Central District of California is the proper place to file this Notice of Removal under 28 U.S.C. § 1446(3) because it is the federal district court that embraces the place where the original action was filed and is pending with a lot Federal Questions were not resolved yet .

### III. This Court Has Federal Question Jurisdiction

Thien Tran is a Vietnamese National and Resident of SAI GON( HCM City ) ,He is not Citizen of California .Tony Nguyen is a HARVARD Legal Scholar-Scientist ,Director of a US Military Support Investigation Agency and President of A National NONPROFIT Law Group to help US Veterans and Indigents .WEISS is his agent and acting in this lawsuit on behalf THIEN TRAN 's interests and WEISS was paid by other Communist Criminal Defendant involved with HAMAS and HEZBULAH in VENEZUELA .

Initially , TRAN requested $500 dollars for his Fraud Restraining Order to Crime Victim Anthony Nguyen .TRAN was granted TRO by FRAUD and Police and Doctors of NGUYEN's witnesses can not shown up by violations to US Constitutions Law of JUDGE FRAN MILLER . Tran made up paperwork to get $100,000 attorney fees by FRAUD and CRIMINAL activities in violation to Civil Rights of NGUYEN as Crime victim . TRAN and WEISS did a lot of ways included connected with Clerk of The Court in favor Orders for WEISS and TRAN , not for NGUYEN as a disabled US Military veteran and victim of THIEN TRAN .

After became a DEBT COLLECTOR , ANDREW WEISS AND TRAN connected with many persons like HOANG TU and WALTER TEAGUE to harass, threaten  ANTHONY NGUYEN and his family under their color of DEBT COLECTION to invade privacy , threaten NGUYEN family and death threats him under hate CRIMES and MOTIVES .

From 2015 until now , WEISS made up many ways to use CRIMINAL issues to threat NGUYEN for his DEBT COLLLECTION in Violations to FDCPA .

During the pleading papers of case 2014-00722873 from 2014  until 08/2017 , There were a lot of pleadings from THIEN TRAN and WEISS to invade CRIME VICTIM rights by FRAUD and CRIMINAL Acts as well as invade to  privacy of TONY NGUYEN as an Honorable Officer of USAF Total Forces .

Recently  , WEISS and TRAN got motions as :

1.Motion Pleadings of Attorney fee is over $100,000 for Error Restraining Order in  Violation to Civil Rights and Crime Victim rights of Anthony Nguyen .
2.Motion to show Cause in let TONY NGUYEN must have Registered Server in fact he got registered Process server and Investigator served Paperwork to WEISS .This Civil Rights violations to  prevent TONY NGUYEN join Litigation with them as well as Committed Crime of Witness Tampering and Crime Threats while Crime of Attempted MURDER and others crimes on the way of filing charges. Also, WEISS used Civil Bench Warrant REQUEST by FRAUD proof of service to threat NGUYEN in jail even NGUYEN is Crime Victim of WEISS and TRAN.
3.  MOTION TO REQUEST to Court cited CONTEMP as a criminal way to threat DEBTOR in Violations to FEDERAL DEBT COLLECTION ACTS .


From such Federal Questions and Pursuant to 28 U.S.C. §§ 1442,1441,1446 and FEDERAL DEBT COLLECTIONS ACTS , It is Crime Victim NGUYEN 's request that

This case should be removal to Federal Court .

**1.FAIR DEBT COLLECTION ACTS : allow defendant -DEBTOR to remove FEDERAL FORUM to claim remedies on VIOLATIONS OF FEDERAL DEBT COLLECTION ACTS .**
**2. 28USC 1442 : allow Member-OFFICER of FEDERAL ORGANIZATIONS to remove FEDERAL FORUM from FEDERALQUESTIONS .**

3.Diversity Jurisdiction : Thien Tran is VN Intelligent AGENT and VN national .He lived in SAI GON VN more than California . Therefore, Diversity Jurisdiction was met .
4.Federal Questions on their pleading : They violated MARSY LAWS to protect Crime Victim of Murder as TONY NGUYEN and Invasion to his Privacy and His Military Information .
5.They requested more than 75,000 ( TRAN and WEISS request over $100,000) to be sufficient to have hearing at Federal Court
6.Also,The FEDERAL RICO Criminal and Civil were Arising when THIEN TRAN and his gang committed to violate  Federal Laws .


**IV.     Defendants TRAN and WEISS were served and noticed :**
**Defendant TRAN , Weiss were served and noticed this NOTICE of REMOVAL ( EXHIBIT )**
**All of Defendants were served by Process Server ( EXHIBITS ) . Without waiving any defenses, Defendant TRAN , WEISS  got consent to move cases in Orange County Superior Court to this Federal Court .**
**V. Notice of Removal to the Superior Court of  ORANGE COUNTY  County, California**
   Concurrently with this Notice of Removal, Plaintiff NGUYEN  will file a copy of this Notice with the Superior Court of Orange County , California . A copy of the written notice of the Notice of Removal to Federal Court is attached hereto as **Exhibit** . In accordance with 28 U.S.C. § 1446(d), Plaintiff will give written notice to Plaintiffs by contemporaneously serving this Notice of Removal on Defendants .

   If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this case is removable. See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (announcing general rule that post-removal evidence in assessing removal jurisdiction may be considered by the Court).

# VII. Conclusion

For the foregoing reasons, Defendant/Cross Plaintiff respectfully request that this civil action be, and is hereby, removed to the United State District Court for the Central District of California in LOS ANGELES to avoid conflict of interest of Federal Court in Santa Ana and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

This 20 September 2017 .

Respectfully submitted ,

TOAN THAI Esq .
Tony Nguyen , Harvard PosDoc-JD-LLM-MS-M.Arch-MBA.
Minh Nguyet Nguyen .
/s/

## PROOF OF SERVICE

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/residence mailing address is:   PO BOX 9591 Fountain Valley CA 92708 .

On  09/19/2017 ,  I served the foregoing document(s) described as:

NOTICE OF REMOVAL to the following parties:

**THIEN TRAN**
**7901 Dale , Buena Park , CA 90620.**

**Andrew D. Weiss**

**26459 Rancho Pkwy S**
**Lake Forest, CA 92630**
oclawadw@aol.com


[ xx ] **(By U.S. Mail and EMAIL,Phone** ) I Emailed-deposited such envelope in the mail at _____ with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed invalid  if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[  ] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

[  ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

DATED:  _09/19/2017 _____

_____     _____
                            TOM NGUYEN(signed)
                        Assistant CA Professional Licensed INVESTIGATOR
(#28986).(Waiver from Process Server Register requirement).

## CERTIFICATE OF SERVICE

**I hereby certify that on 09/19/2017  , I filed the** foregoing *Notice of Removal* with the Clerk of the Court System and served a true and correct copy of same on Defendants First-Class Mail, postage prepaid, addressed to:

**THIEN TRAN**
**7901 Dale , Buena Park , CA 90620.**


**Andrew D. Weiss**
**26459 Rancho Pkwy S**
**Lake Forest, CA 92630**

**Respectfully,**

TOAN THAI Esq

MINH NGUYET NGUYEN .

**Party -Crime Victim Anthony Nguyen .**

**EXHIBITS :**

**EXHIBIT 01 :**

**CASE ANDREW WEISS  V. ANTHONY NGUYEN ( NGUYEN v. WEISS)( 30-2017 -00906325 shown iolation to CIVIL RIGHTS and RICO criminal activities of NGUYEN as CRIME VICTIM  .Also, VIOLATIONS to FEDERAL DEBT COLLECTIONS ACTS and FEDERL HATE CRIME ACTS .**

1  Andrew D. Weiss SBN 121149
   **LAW OFFICES OF ANDREW D. WEISS**
2  26459 Rancho Parkway South
   Lake Forest, California 92653
3  Telephone: (949) 360-9478
   Facsimile: (949) 360-0302
4  Email: oclawadw@aol.com
   Pro Se
5

6

7

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**03/02/2017** at 09:33:22 AM

Clerk of the Superior Court
By Marlene Orellana, Deputy Clerk

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9         **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11  ANDREW D. WEISS, an individual,          Case No: 30-2017-00906325-CU-PO-CJC

12          Plaintiff;                       Judge Frederick P. Horn

13          v.

14  ANTHONY NGUYEN                           COMPLAINT FOR:

15                                           1) Malicious Prosecution
                                             2) Declaration That Anthony Nguyen is a
16                                              Vexatious Litigant

17  DOES 1 through 100;

18          Defendants.

19

20      Plaintiff ANDREW D. WEISS (hereinafter "Plaintiff") alleges as follows:

21                      **FIRST CAUSE OF ACTION**

22                       **(Malicious Prosecution)**

23                    **[Plaintiff Against All Defendants]**

24      1. Andrew D. Weiss ("Plaintiff") is an individual residing in the County of Orange, State

25  of California.

26      2. Plaintiff is informed and believes and based thereon alleges that defendant ANTHONY

27  NGUYEN,

28

Dr. Antony Nguyen ("ANTHONY NGUYEN") is an individual who resides in Orange County, California.

3. Plaintiff is informed and believes and based thereon alleges that defendant TOM NGUYEN aka Thanh Nguyen ("TOM NGUYEN") is an individual who resides in Orange County, California.

4. Except as otherwise alleged, Plaintiff is unaware of the true names and capacities of the named defendants designated herein as Does 1 through 100. Plaintiff will amend this complaint in order to allege said defendants' true names and capacities if and when ascertained.

5. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, Defendants, both named and fictitious, were the agents, employees, employers, trustees, partners, servants, contractors, and/or officers of some or all of the remaining Defendants, and that the acts and omissions herein alleged were done by them, acting individually, through such capacity and within the scope of their authority, and that said conduct was thereafter ratified by each of the remaining Defendants.

6. On or about May 8, 2014, ANTHONY NGUYEN began harassing Thien Tran ("Tran"). The harassment started after Tran's ex-wife, Thu Hien Nguyen, ended her brief relationship with ANTHONY NGUYEN.

7. Following the May 8, 2014, incident, ANTHONY NGUYEN sought a restraining order against Tran by filing a harassment action styled *Nguyen v. Tran* OCSC case number 30-2014-00722268.

8. Tran filed his own harassment action styled *Tran v. Nguyen* OCSC case number 30-2014-00722873.

9. The two aformentioned harassment actions were consolidated for trial and tried to the Court on June 6, 2014, and June 10, 2014. Following the trial, a restraining order was entered against ANTHONY NGUYEN. ANTHONY NGUYEN's request for a restraining order against Tran was denied.

10. Following his loss in the aforementioned harassment trial, ANTHONY NGUYEN began a campaign of harassing Tran, Thu Hien Nguyen, their friends, their attorneys and the judges who consistently ruled against ANTHONY NGUYEN.

11. In connection with his harassment campaign, ANTHONY NGUYEN filed two actions against Plaintiff in the Federal District Court for the Central District of California styled *Nguyen v. Weiss* USDC CDCA SACV16-00783 and *Nguyen v. Miller* USDC CDCA SACV16-002137 (collectively "Federal Actions").

12. Both Federal Actions were terminated in Plaintiff's favor in that the Federal District Court dismissed both Federal Actions.

13. ANTHONY NGUYEN filed and prosecuted both Federal Actions with malice directed at Plaintiff. ANTHONY NGUYEN intended to cause harm to Plaintiff and Plaintiff's clients.

14. ANTHONY NGUYEN has acted with malice toward Plaintiff by repeatedly threatening to report Plaintiff to the FBI, local law enforcement and the State Bar and to have Plaintiff arrested.

15. ANTHONY NGUYEN has acted with malice toward Plaintiff by repeatedly filing pleadings falsely accusing Plaintiff of representing communist spies, transmitting information regarding ANTHONY NGUYEN to communists spies in Vietnam, and being involved in money laundering.

16. ANTHONY NGUYEN has acted with malice toward Plaintiff by sending emails with profanity directed toward Plaintiff.

17. TOM NGUYEN conspired with ANTHONY NGUYEN to file and prosecute the malicious actions against Plaintiff.

18. On July 30, 2015, TOM NGUYEN and/or ANTHONY NGUYEN, using the name Thinh Doan, sent an email to Plaintiff falsely claiming to be an attorney and accusing Plaintiff of violating "Federal laws included (sic) CIA Act, NSA act as well."

19. ANTHONY NGUYEN and TOM NGUYEN have filed numerous proofs of service with the State and Federal courts which falsely claim that TOM NGUYEN served Plaintiff with copies of pleadings. The false proofs of service have interfered with Plaintiff's ability to represent his clients.

3
Complaint

20. On May 6, 2016, ANTHONY NGUYEN and/or TOM NGUYEN sent an email to Plaintiff stating the *Nguyen v. Weiss* USDC CDCA SACV16-00783 action was "a gift in Mother day."

21. TOM NGUYEN signed numerous proofs of service falsely claiming that the complaints and other documents filed in ANTHONY NGUYEN's malicious actions, were served on Plaintiff.

22. TOM NGUYEN signed false declarations in support of ANTHONY NGUYEN's malicious actions filed against Plaintiff.

23. Defendants' false allegations against Plaintiff are defamatory per se. In addition, Plaintiff has suffered economic and non-economic damages in the sum to be established at trial but in no event less than $100,000.00.

24. In performing the acts herein alleged, Defendants acted despicably and in willful and conscious disregard of Plaintiff's rights and with the intent to harm Plaintiff and deprive Plaintiff of money and property, thereby justifying an award of punitive damages against Defendants.

### SECOND CAUSE OF ACTION

### (Vexatious Litigant)

### [Plaintiff Against Anthony Nguyen]

25. Plaintiff repeats and re-alleges each and every allegation in Paragraphs 1 through 22, inclusive, of the Complaint as though fully set forth at this point.

26. In the seven years prior to the filing of this action, ANTHONY NGUYEN has commenced, prosecuted, and maintained in propria persona more than five actions that were finally determined adversely to ANTHONY NGUYEN.

27. After the actions styled *Nguyen v. Tran* OCSC case number 30-2014-00722268 and *Tran v. Nguyen* OCSC case number 30-2014-00722873 were finally determined adversely to ANTHONY NGUYEN, he repeatedly attempted, in propria persona, to relitigate the validity of the determinations in those actions.

28. In *Tran v. Nguyen* OCSC case number 30-2014-00722873, while acting in propria persona, ANTHONY NGUYEN repeatedly filed unmeritorious motions and other papers, which were intended to cause unnecessary delay, including multiple motions to stay the action, multiple

motions to quash service of an order for a judgment debtor examination served on ANTHONY NGUYEN, and twice improperly removed the action to Federal District Court.

29.    The actions of ANTHONY NGUYEN, as set forth above, justify a finding that ANTHONY NGUYEN is a vexatious litigant, pursuant to Sections 391 through 391.8 of the Code of Civil Procedure, and justify an order subjecting ANTHONY NGUYEN to the pre-filing requirements set forth in those code sections.

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

**FIRST CAUSE OF ACTION**

1.    For general and special damages in a sum to be determined at trial, but in no event less than $100,000.00;

2.    Exemplary and punitive damages.

**SECOND CAUSE OF ACTION**

3.    For a determination that Anthony Nguyen is a vexatious litigant;

**ALL CAUSES OF ACTION**

4.    For costs of suit; and,

5.    For such other and further relief as the court deems just and proper.

LAW OFFICES OF ANDREW D. WEISS

Dated: March 1, 2017                    By: _____

ANDREW D. WEISS
Pro Se

L:\FileCenter\Open Cases\Duong\WP\Pleadings 2\Complaint.wpd

**EXHIBIT 02:**

**CASE #2014-21472 -BUENA PARK POLICE -ATTEMPTED MURDER- BATTERY  BY DEADLY WEAPON ).**
**CASE # 16-066851 ( People v. ANDREW WEISS from Death Threats and Witness Tampering ).**

**CASE #    16-6027817   - STATE OF CALIFORNIA VICTIM COMPENSATION BOARD DETERMINED NGUYEN IS CRIME VICTIM OF ATTEMPTED MURDER FROM CRIME DEFENDANT THIEN TRAN .**