JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01674 AG (KESx) | Date | October 24, 2017 |
|---|---|---|---|
| Title | ANDREW D. WEISS v. ANTHONY NGUYEN ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:　　　　Attorneys Present for Defendants:

**Proceedings:** [IN CHAMBERS] ORDER GRANTING MOTION TO REMAND

This matter is appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b). The Court VACATES the October 30, 2017 hearing.

Anthony Nguyen filed a notice of removal in this Court on September 26, 2017. The notice, though far from clear, purports to remove from the Orange County Superior Court a lawsuit filed on March 2, 2017 by Andrew D. Weiss against Nguyen for malicious prosecution, and seeking a declaration that Nguyen is a vexatious litigant. On September 27, 2017, the Orange County Superior Court issued an order finding Nguyen a vexatious litigant. (Dkt. No. 7-1.) Weiss moves to remand. (Dkt. No. 7.)

To remove a civil action from state court to federal court, a defendant must file a notice of removal in the federal forum "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1446(a). And the notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b).

Nguyen hasn't followed these basic procedures.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01674 AG (KESx) | Date | October 24, 2017 |
|---|---|---|---|
| Title | ANDREW D. WEISS v. ANTHONY NGUYEN ET AL. | | |

There are numerous procedural irregularities here. These include, Nguyen's notice of removal is untimely; Nguyen hasn't identified any federal claims on the face of the state-court complaint, so there's no potential for federal question jurisdiction; Nguyen and Weiss are both California citizens, so there's no potential for diversity jurisdiction. Further, several documents Nguyen submitted to the Court present anomalies, such as the civil cover sheet, which was apparently signed on May 31, 2017, nearly four months before the notice of removal. And Nguyen's opposition to Weiss's motion to remand was untimely. *See* C.D. Cal. L.R. 7-12.

For these reasons, among others, the Court GRANTS the motion to remand and DENIES the request for sanctions. (Dkt. No. 7.) All other pending motions are DENIED as MOOT. Future abuses of the judicial process may have serious consequences.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |